IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COLLETTE STAMPS, and NICHOL STAMPS, ANTHONY SINGLETON JR., and JANICESEA LAURA by their mother, COLLETTE STAMPS and WALTER HOPKINS<br><br>    Plaintiffs,<br><br>vs.<br><br>Chicago Police Officers JOHN DOES 1-8 and the CITY OF CHICAGO,<br><br>    Defendants. | FILED: APRIL 17, 2008<br>08CV2196    TC<br>JUDGE LEINENWEBER<br>No.  MAGISTRATE JUDGE COX<br><br>Judge<br><br>Magistrate Judge |

**COMPLAINT**

**JURISDICTION**

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983 et seq.; the Judicial Code, 28 U.S.C. §§ 1331 and 1343(a); supplementary jurisdiction; and the Constitution of the United States.

**PARTIES**

2. Plaintiff Collette Stamps is a resident of Chicago, Illinois.

3. Plaintiff Walter Hopkins is a resident of Chicago, Illinois.

4. Plaintiff Nichol Stamps is the minor child of Collette Stamps and lives with her in Chicago, Illinois. She is suing through her mother, Collette Stamps.

5. Plaintiff Anthony Singleton, Jr. is the minor child of Collette Stamps and lives with her in Chicago, Illinois. He is suing through his mother, Collette Stamps.

6. Plaintiff Janicesea Laura is the minor child of Collette Stamps and lives with her in Chicago, Illinois. She is suing through her mother, Collette Stamps.

7. Defendant Chicago Police Officers John Does 1-8 were, at the time of this occurrence, duly appointed Chicago Police officers. The names of Defendants John Does 1-8 are currently unknown to Plaintiffs. These defendants engaged in the conduct complained of while they were

on duty and in the course and scope of their employment with the City of Chicago.

8.  At all times material to this complaint, defendant police officers John Does 1-8 were acting under color of state law, ordinance, and/or regulation.  Each is sued in his individual capacity.

9.  Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and was the employer and principal of the defendant police officers at all times relevant to this lawsuit.

**FACTS**

10.  On November 25, 2007, in the evening, Plaintiff Collette Stamps and her boyfriend, Plaintiff Walter Hopkins, were inside their apartment at 1404 S. Homan Apt. #304 in the City of Chicago along with Plaintiff Stamps's 13 year-old daughter, Plaintiff Nichol Stamps, her 7 year-old son, Plaintiff Anthony Singleton, Jr., and her 6 year-old daughter, Plaintiff Janicesea Laura.

11.  The apartment building at 1404 S. Homan is a three level building which contains four apartments on the lower level, four on the middle level, and four on the upper level.

12.  The upstairs apartments are labeled #301, #302, #303, and #304.

13.  The front door of Plaintiff's apartment bore the number "304."

14.  Plaintiffs were eating dinner when they heard noise coming from the screen door of their apartment.  Shortly thereafter, they heard two loud bangs at the front door.

15.  Before Plaintiffs had a chance to respond to the banging at the door, John Does 1-8, wearing plain clothes, broke down the door and stormed inside the apartment with their guns drawn and pointed at Plaintiffs.

16.  Once inside the apartment, John Does 1-8 screamed obscenities at Plaintiffs and ordered them to get on the ground.

17.  Plaintiffs were unaware that John Does 1-8 were police officers and believed their home was being invaded.

18.  Plaintiff Hopkins complied with the order to get on the ground and John Doe 2 put a gun to his head and handcuffed him.

19.  Afraid that they would be shot by the intruders, Plaintiffs Nichol Stamps, Anthony Singleton, and Janicesea Laura screamed and ran to the bedrooms in the rear of the apartment.

20. John Doe 1 pointed his gun at Plaintiff Nichol Stamps as she ran to the bedroom.

21. Afraid that John Doe 1 was going to shoot her children, Plaintiff Collette Stamps ran after them towards the bedrooms.

22. After Plaintiff Collette Stamps returned from the bedroom, John Doe 1 informed her that he had raided the wrong apartment and apologized.

23. John Does 1-8 entered the Plaintiffs' home without a warrant and without any other permissible legal reason to enter their home.

24. John Does 1-8 failed to take reasonable steps to discern the proper target of their search before entering Plaintiffs' home.

25. John Does 1-8 failed to give Plaintiffs sufficient time to answer the door before entering.

26. As a direct result of the acts of these defendants, Plaintiffs have suffered and continue to suffer, *inter alia*, bodily injury, pain, suffering, severe mental distress, anguish and humiliation, loss of liberty, damage to property and medical expenses.

## COUNT I

### [42 U.S.C. § 1983 Claim for Unreasonable Search and Seizure]

27. Plaintiffs reallege paragraphs 1-26.

28. The actions of Defendants John Does 1-8 in entering Plaintiffs' home and searching it violated their Fourth Amendment right to be secure in their person, house, papers, and effects, against unreasonable searches and seizures.

29. The actions of Defendants John Does 1-8 as set forth above were the direct and proximate cause of the constitutional violations set forth above and of Plaintiffs' severe mental distress, anguish, humiliation and loss of property.

WHEREFORE plaintiff demands compensatory damages, jointly and severally, from Defendants John Does 1-8. Additionally, because these defendants acted maliciously, wilfully, wantonly, and/or in reckless disregard for the Plaintiffs' constitutional rights, Plaintiffs demand punitive damages from these defendants. Plaintiffs also demand costs and attorneys' fees and whatever additional relief this Court deems equitable and just.

## COUNT II

**[42 U.S.C. § 1983 Claim for Excessive Force]**

30. Plaintiffs reallege paragraphs 1 through 26.

31. The acts of Defendants John Does 1-8 in pointing their guns at Plaintiffs violated Plaintiffs' rights under the Fourth Amendment to the United States Constitution to be secure in their person, papers and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.

32. The actions of Defendants John Does 1-8 were the direct and proximate cause of the violations of Plaintiffs' Fourth Amendment rights, their injuries, mental suffering, anguish and humiliation, loss of personal freedom, and expenses, as set forth more fully above.

WHEREFORE, Plaintiffs demand actual or compensatory damages against Defendants John Does 1-8 and because they acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action, attorneys' fees and such other and additional relief as this Court deems equitable and just.

## COUNT III

**[745 ILCS 10/9-102 Claim Against Defendant City of Chicago]**

33. Plaintiffs reallege paragraphs 1 through 32.

34. Defendant City of Chicago was the employer of Defendants John Does 1-8 at all times relevant to this complaint.

35. Defendants John Does 1-8 committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE, plaintiffs, pursuant to 745 ILCS 10/9-102, demand judgment against the Defendant City of Chicago in the amount awarded to the Plaintiffs against any and all Defendants as damages, attorney's fees, costs and interest, and/or for any settlement entered into between the plaintiffs and any defendant and for whatever additional relief this Court deems equitable and just.

Dated: April 17, 2008                              Respectfully submitted,

/s/ Ben H. Elson
Ben H. Elson
John L. Stainthorp

PEOPLE'S LAW OFFICE
1180 N. Milwaukee Ave.
Chicago, IL 60622
773/235-0070
Attorneys for Plaintiffs

**Plaintiffs demand trial by jury.**