IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COLLETTE STAMPS, and NICHOL STAMPS, ANTHONY SINGLETON JR., and JANICESEA LAURA by their mother, COLLETTE STAMPS and WALTER HOPKINS,          Plaintiffs, v. Chicago Police Officers JOHN DOES 1-8 and the CITY OF CHICAGO,          Defendants. | No. 08 C 2196 Judge Leinenweber Magistrate Judge Cox |

**DEFENDANT CITY OF CHICAGO'S ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT AT LAW**

Defendant City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the City of Chicago, for its Answer, Affirmative Defenses, and Jury Demand to Plaintiff's Complaint at Law states as follows:

**JURISDICTION**

1.  The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983 et seq.; the Judicial Code, 28 U.S.C. §§ 1331 and 1343(a); supplementary jurisdiction; and the Constitution of the United States.

**ANSWER:** The City admits this court has jurisdiction over Plaintiff's federal claims pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § § 1331 and 1343(a). The City further admits that this court has jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367(a). The City denies that the U.S. Constitution provides Plaintiff with a direct cause of action.

## PARTIES

2. Plaintiff Collette Stamps is a resident of Chicago, Illinois.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2.

3. Plaintiff Walter Hopkins is a resident of Chicago, Illinois.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

4. Plaintiff Nichol Stamps is the minor child of Collette Stamps and lives with her in Chicago, Illinois. She is suing through her mother, Collette Stamps.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

5. Plaintiff Anthony Singleton, Jr. is the minor child of Collette Stamps and lives with her in Chicago, Illinois. He is suing through his mother, Collette Stamps.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6. Plaintiff Janicesea Laura is the minor child of Collette Stamps and lives with her in Chicago, Illinois. She is suing through her mother, Collette Stamps.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7. Defendant Chicago Police Officers John Does 1-8 were, at the time of this occurrence, duly appointed Chicago Police officers. The names of Defendants John Does 1-8 are currently unknown to Plaintiffs. These defendants engaged in the conduct complained of while they

were on duty and in the course and scope of their employment with the City of Chicago.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

8. At all times material to this complaint, defendant police officers John Does 1-8 were acting under color of state law, ordinance, and/or regulation. Each is sued in his individual capacity.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and was the employer and principal of the defendant police officers at all times relevant to this lawsuit.

**ANSWER:** The City admits that it was a municipal corporation at the time of the alleged occurrence, duly incorporated under the laws of the State of Illinois. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 9.

## FACTS

10. On November 25, 2007, in the evening, Plaintiff Collette Stamps and her boyfriend, Plaintiff Walter Hopkins, were inside their apartment at 1404 S. Homan Apt. #304 in the City of Chicago along with Plaintiff Stamps's 13 year-old daughter, Plaintiff Nichol Stamps, her 7 year old son, Plaintiff Anthony Singleton, Jr., and her 6 year-old daughter, Plaintiff Janicesea Laura.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

11. The apartment building at 1404 S. Homan is a three level building which contains four apartments on the lower level, four on the middle level, and four on the upper level.

**ANSWER:**

12. The upstairs apartments are labeled #301, #302, #303, and #304.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13. The front door of Plaintiff's apartment bore the number "304."

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14. Plaintiffs were eating dinner when they heard noise coming from the screen door of their apartment. Shortly thereafter, they heard two loud bangs at the front door.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

15. Before Plaintiffs had a chance to respond to the banging at the door, John Does 1-8, wearing plain clothes, broke down the door and stormed inside the apartment with their guns drawn and pointed at Plaintiffs.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

16. Once inside the apartment, John Does 1-8 screamed obscenities at Plaintiffs and ordered them to get on the ground.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.

17. Plaintiffs were unaware that John Does 1-8 were police officers and believed their home was being invaded.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

18. Plaintiff Hopkins complied with the order to get on the ground and John Doe 2 put a gun to his head and handcuffed him.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18.

19. Afraid that they would be shot by the intruders, Plaintiffs Nichol Stamps, Anthony Singleton, and Janicesea Laura screamed and ran to the bedrooms in the rear of the apartment.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19.

20. John Doe 1 pointed his gun at Plaintiff Nichol Stamps as she ran to the bedroom.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

21. Afraid that John Doe 1 was going to shoot her children, Plaintiff Collette Stamps ran after them towards the bedrooms.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

22. After Plaintiff Collette Stamps returned from the bedroom, John Doe 1 informed her that he had raided the wrong apartment and apologized.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

23. John Does 1-8 entered the Plaintiffs' home without a warrant and without any other permissible legal reason to enter their home.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23.

24. John Does 1-8 failed to take reasonable steps to discern the proper target of their search before entering Plaintiffs' home.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.

25. John Does 1-8 failed to give Plaintiffs sufficient time to answer the door before entering.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25.

26. As a direct result of the acts of these defendants, Plaintiffs have suffered and continue to suffer, inter alia, bodily injury, pain, suffering, severe mental distress, anguish and humiliation, loss of liberty, damage to property and medical expenses.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26.

## COUNT I
### [42 U.S.C. § 1983 Claim for Unreasonable Search and Seizure]

27. Plaintiffs reallege paragraphs 1-26.

**ANSWER:** The City's answers to Paragraphs 1 through 26 are incorporated herein by reference as though fully set forth.

28. The actions of Defendants John Does 1-8 in entering Plaintiffs' home and searching it violated their Fourth Amendment right to be secure in their person, house, papers, and effects, against unreasonable searches and seizures.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28.

29. The actions of Defendants John Does 1-8 as set forth above were the direct and proximate cause of the constitutional violations set forth above and of Plaintiffs' severe mental distress, anguish, humiliation and loss of property.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29.

## COUNT II
### [42 U.S.C. § 1983 Claim for Excessive Force]

30. Plaintiffs reallege paragraphs 1 through 26.

**ANSWER:** The City's answers to Paragraphs 1 through 26 are incorporated herein by reference as though fully set forth.

31. The acts of Defendants John Does 1-8 in pointing their guns at Plaintiffs violated Plaintiffs' rights under the Fourth Amendment to the United States Constitution to be secure in their person, papers and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31.

32. The actions of Defendants John Does 1-8 were the direct and proximate cause of the violations of Plaintiffs' Fourth Amendment rights, their injuries, mental suffering, anguish and humiliation, loss of personal freedom, and expenses, as set forth more fully above.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32.

## COUNT III
### [745 ILCS 10/9-102 Claim Against Defendant City of Chicago]

33. Plaintiffs reallege paragraphs 1 through 32.

**ANSWER:** The City's answers to Paragraphs 1 through 32 are incorporated herein by reference as though fully set forth.

34. Defendant City of Chicago was the employer of Defendants John Does 1-8 at all times relevant to this complaint.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34.

35. Defendants John Does 1-8 committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35.

**WHEREFORE,** the City prays that this Court enter judgment in its favor, and against Plaintiff; award City such costs and fees as provided by law, and grant such further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. Defendant City is not liable to Plaintiff for his state law claims if its employees or agents are not liable to Plaintiff. 745 ILCS 10/2-109.

2.	To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct. 745 ILCS 10/2-202.

3.	Defendant City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

4.	To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this cause.

5.	To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

6.	Under state law, the City is not liable for conduct committed by employees not acting within the scope of their employment. *Wright v. City of Danville*, 174 Ill.2d 392, 221 Ill.Dec. 203, 675 N.E.2d 110 (1996).

7.	A municipality is not liable under a theory of *respondeat superior* for the constitutional violations of its employees. *See Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403 (1997).

**JURY DEMAND**

Defendant City of Chicago requests trial by jury.

                                          Respectfully submitted,

                                          MARA S. GEORGES,
                                          CORPORATION COUNSEL
                                          CITY OF CHICAGO

                           By:  / s/ *Ashley C. Kosztya*
                                          ASHLEY C. KOSZTYA
                                          Assistant Corporation Counsel

30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 744-6922